4

PJ/GSV

FILED IN OPEN COURT

SEP 3 0 2011

CHARLES R. DIARD, JR.
CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIM. NO. 11CR*00255-KD* |
| | * | |
| v. | * | USAO  NO.   10R00364 |
| | * | |
| PAUL H. HALL | * | **Violations:** |
| aka Jeff Adams | * | 18 USC § 401(3) |
| | * | 18 USC § 1341 |
| | * | 18 USC § 1343 |
| | * | |

## INDICTMENT

**THE GRAND JURY CHARGES:**

## COUNTS ONE THROUGH FIVE

1.      From on or about March 2, 2009, and continuing through on or about October 19,

2010, in the Southern District of Alabama, Southern Division, and elsewhere, the defendant,

### PAUL H. HALL,
### aka Jeff Adams

knowingly and with the intent to defraud devised and intended to devise a scheme and artifice to

defraud vending machine business opportunity purchasers by means of materially false and

fraudulent pretenses, representations, and promises, and the concealment of material facts,

knowing that they were false and fraudulent when made and concealed, and, for the purpose of

executing such scheme and artifice to defraud, knowingly transmitted and caused to be

transmitted, by means of wire communications in interstate commerce, certain writings, signs,

signals, pictures, and sounds.

<u>The Scheme to Defraud</u>

2.      It was the purpose of the scheme and artifice for the defendant, **PAUL H. HALL**,

**aka Jeff Adams**, and his co-schemers to unlawfully enrich themselves by obtaining money from

potential business opportunity purchasers by means of materially false statements and

representations and the concealment of material facts concerning, among other things, the

expected profits of snack vending machines, the availability of locations for the vending

machines, and **Hall**'s experiences with vending machines.

<u>Manner and Means</u>

3.      The defendant, **PAUL H. HALL, aka Jeff Adams**, operated from his home in

Mobile, Alabama, a business called "Vends R Us."  Vends R Us sold business opportunities to

operate snack vending machines.

4.      The defendant, **PAUL H. HALL, aka Jeff Adams**, placed advertisements for the

Vends R Us snack vending machine business opportunity in the classified ad section of

newspapers throughout the United States.  The advertisements typically stated:

> **Vending Route**
> Must Sell Immediately!
> 10 vending machines
> with prime locations.
> $11,200.  Call 251-219-4961.

5.      Potential purchasers who called the telephone number in the advertisement spoke

to the defendant, **PAUL H. HALL, aka Jeff Adams**.  However, during these sales calls, **Hall**

used the alias Jeff Adams.

6.      The defendant, **PAUL H. HALL, aka Jeff Adams**, told potential purchasers that

good locations for the vending machines were available in their area.  **Hall** referred potential

purchasers to a supposedly independent locating company and encouraged potential purchasers to

speak to the locating company before making a decision.  A "locating company" is a business

that promises to place vending machines.  The locating company affirmed to potential purchasers

that good locations were available in the potential purchasers' area.

7.      The defendant, **PAUL H. HALL, aka Jeff Adams**, sent potential purchasers who

seemed interested in the business opportunity a sales packet via the United States Postal Service.

8.      The defendant, **PAUL H. HALL, aka Jeff Adams**, encouraged potential

purchasers to pay for the business opportunity through an interstate bank wire transfer.  Many of

the purchasers paid for the business opportunity with an interstate bank wire transfer.

9.      To fraudulently induce others to purchase snack vending machine business

opportunities from Vends R Us, the defendant, **PAUL H. HALL, aka Jeff Adams**, and his co-

schemers provided and made, and caused others to provide and make, numerous materially false

statements, including, among others, the following:

a.      That the purchaser could expect to earn $800 in profits per week by

operating 10 vending machines;

b.      That the purchaser would recover his or her investment in less than one

year;

c.      That **Hall** personally operated approximately 48 snack vending machines

and that his vending machines were highly profitable;

d.      That the locating company to which **Hall** referred the purchaser had good

locations available for the vending machines in the purchaser's area;

-3-

e.      That if the purchaser's vending machines did not generate a certain amount of business, the locating company would relocate the vending machines without additional charge to locations where the vending machines would generate the designated amount of business;

f.      That if the purchaser's vending machines did not generate a certain amount of business, the locating company would reimburse the purchasers for the difference;

g.      That Vends R Us had been in business for many years; and

h.      That Vends R Us limited its sales to one person per 100,000 population.

10.    To fraudulently induce others to purchase snack vending machine business opportunities from Vends R Us, the defendant, **PAUL H. HALL, aka Jeff Adams**, and his co-schemers concealed, and caused others to conceal, numerous material facts, including, among others, the following:

a.      That **Hall** was using an alias when speaking to potential purchasers;

b.      That **Hall**, who operated Vends R Us, was permanently prohibited by a federal court order from participating in the advertising, promotion, offering for sale, or sale of any business venture;

c.      That **Hall** coordinated with the locating company what misrepresentations to make to potential purchasers; and

d.      That **Hall** had received complaints from previous purchasers about profits, locations, and the quality of the vending machines.

11.    On or about the dates specified as to each count below, the defendant, **PAUL H. HALL, aka Jeff Adams**, and his co-schemers, for the purpose of executing and attempting to

-4-

execute the scheme described above, knowingly transmitted and caused to be transmitted, by means of a wire communication in interstate commerce the writings, signals, and sounds described below for each count:

| Count | Date | Wire Communication |
|-------|------|--------------------|
| One | Oct. 15, 2009 | Bank wire from victim S.G. in Stockton, California, to Vends R Us |
| Two | Feb. 8, 2010 | Bank wire from victim J.J. in Billings, Montana, to Vends R Us . |
| Three | June 14, 2010 | Bank wire from victim T.J. in Tulsa, Oklahoma, to Vends R Us . |
| Four | June 15, 2010 | Bank wire from victim A.T. in Oklahoma City, Oklahoma, to Vends R Us. |
| Five | Sept. 21, 2010 | Telephone call between victim T.J.B. in Clinton, Kentucky, and the defendant, **HALL**. |

In violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT SIX

12.     The Grand Jury re-alleges and incorporates by reference paragraphs 3 through 10 of this Indictment.

13.     From on or about March 2, 2009, and continuing through on or about October 19, 2010, in the Southern District of Alabama, Southern Division, the defendant,

**PAUL H. HALL,**
**aka Jeff Adams**

knowingly and with the intent to defraud devised and intended to devise a scheme and artifice to defraud vending machine business opportunity purchasers by means of materially false and fraudulent pretenses, representations, and promises, and the concealment of material facts, knowing that they were false and fraudulent when made and concealed, and for the purpose of executing such scheme and artifice to defraud, placed and caused to be placed in a receptacle for

-5-

mail matter to be delivered by the United States Postal Service.

14.     It was the purpose of the scheme and artifice for the defendant, **PAUL H. HALL,**
**aka Jeff Adams**, and his co-schemers to unlawfully enrich themselves by obtaining money from
potential business opportunity purchasers by means of materially false statements and
representations and the concealment of material facts concerning, among other things, the
expected profits of snack vending machines, the availability of locations for the vending
machines, and **Hall**'s experiences with vending machines.

15.     On or about September 22, 2010, the defendant, **PAUL H. HALL, aka Jeff**
**Adams**, for the purpose of executing and attempting to execute the scheme described above,
placed a Vends R Us sales packet in a receptacle for mail matter to be delivered by the United
States Postal Service to victim T.J.B. in Clinton, Kentucky.

In violation of Title 18, United States Code, Sections 1341 and 2.

## COUNT SEVEN

16.     The Grand Jury re-alleges and incorporates by reference paragraphs 3 through 10
of this Indictment.

17.     On or about June 12, 2002, the United States filed a civil lawsuit in the United
States District Court for the Southern District of Alabama against the defendant, **PAUL H.**
**HALL, aka Jeff Adams**, and the business he was then operating.  The case was called <u>United</u>
<u>States v. Univend, LLC, and Paul Hall</u>, Civil Action No. 02-0433-P-L.

18.     On or about April 7, 2005, the District Court in Civil Action No. 02-0433-P-L
issued a clear and specific order which, among other things, stated the following:

## DEFINITIONS

For the purpose of this Order, the following definitions shall apply:

* * *

10.    "Business Venture" means any written or oral business arrangement, however denominated, . . . in which a participant or purchaser:

a)    pays consideration for the right or means to offer, sell, or distribute goods or services . . . ; and

b)    receives the promise of, or actual advice, instruction, or assistance (including, but not limited to, referrals to any persons providing or promising location services), in connection with: (1) the establishment, maintenance, or operation of a new business, or (2) the entry by an existing business into a new line or type of business.

11.    "Defendants" means the Corporate Defendant and the Individual Defendant.  The "Corporate Defendant" is Univend, L.L.C. ("Univend").  The "Individual Defendant" is Paul H. Hall, individually and as owner and President of Univend.

* * *

## I.  BAN ON SALE OF FRANCHISES AND BUSINESS VENTURES

IT IS THEREFORE ORDERED that defendant Paul Hall, and each of his successors, assigns, agents, servants, or employees, and those persons in active concert or participation with him who receive actual notice of this Final Judgment and Order by personal service or otherwise, whether acting directly or through any entity, corporation, subsidiary, division, affiliate, or other device, are hereby permanently restrained and enjoined from engaging or participating in the advertising, promotion, offering for sale, or sale of any Business Venture. . . .

19.    From on or about March 2, 2009, and continuing through on or about October 19, 2010, in the Southern District of Alabama, Southern Division, and elsewhere, the defendant,

-7-

**PAUL H. HALL,**
**Jeff Adams**

knowingly and willfully disobeyed and resisted the lawful order, decree, and command issued on

April 7, 2005, by United States District Court for the Southern District of Alabama in connection

with the case of <u>United States v. Univend, LLC, and Paul Hall</u>, Civil Action No. 02-0433-P-L, by

advertising, promoting, offering for sale, and selling vending machine business ventures and

business opportunities through Vends R Us.

In violation of Title 18, United States Code, Section 401(3).

A TRUE BILL.

KENYEN R. BROWN
UNITED STATES ATTORNEY
by:

Patrick Jasperse
Trial Attorney
U.S. Department of Justice

Gina S. Vann
Assistant United States Attorney

John Cherry
Assistant U.S. Attorney
Chief, Criminal Division                     September 2011